■ JACK DIAZ, an Infant, by His Mother and Natural Guardian, JUDITH DIAZ, et al., Respondents, v LENOX HILL HOSPITAL, Defendant, RICHARD BOIARDO, Respondent, and MARTIN A. POSNER, Appellant.—Judgment, Supreme Court, New York County (Ralph Beisner, J.), entered April 3, 1990, in favor of the plaintiff in the amount of $75,000 against defendants Martin Posner, M.D., and Richard Boiardo, M.D., who were found by the jury to be respectively liable at 70% and 30%, unanimously modified, on the law and the facts, and the matter remanded for a new trial solely on the issue of apportionment and otherwise affirmed, without costs and disbursements unless, within twenty days after service of a copy of this Court's decision and order upon counsel for the respective parties, said defendants stipulate to the entry of an amended judgment apportioning liability equally between defendants Posner and Boiardo at 50% each, in which case the judgment, as so amended, is unanimously affirmed without costs.

It cannot be said that the jury's verdict finding that defendant Posner was liable for failure to perform a "delayed primary" surgical procedure lacks the support of any fair interpretation of the evidence *(see, Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). Given Dr. Posner's responsibility for training residents at the hand clinic, together with the fact that Dr. Posner examined the plaintiff's hand at Dr. Boiardo's request, the jury could find that Dr. Posner's diagnosis contributed to the failure of either doctor to perform the "delayed primary" surgical procedure on plaintiff's hand. However, we believe that the jury improperly apportioned liability as between the doctors and accordingly remand for a

new trial for purposes of apportionment unless the parties stipulate as aforesaid. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.